Mr. Rodriguez, you're on. Good morning. Good morning, Your Honor. May I have five minutes reserved for rebuttal? Okay. Your Honor, we brought this appeal. Basically, we are dealing with two different causes of actions. One is against the government, and one against Comtech, which is a private corporation. On the motion to dismiss filed by the government, they emphasize on FDCA and the other causes of action. The detainment Comtech filed a motion to join that motion to dismiss. And basically, the motion to dismiss filed by the government was, in general terms, based on the observer law used against the government, and the civil rights violation, and the statute of limitations. And those three things do not apply to Comtech. In the case of Comtech, that's a private entity, corporation, employing the plaintiff, Mr. Padilla. And Mr. Padilla worked in a civilian environment. He worked in a college, first in the University of Puerto Rico, Mayagüez, then Inter-American University in San Germán, which are private institutions. So, it's not considered, there's no, he was a professor of military science for students, civilian students. They are not military employees. Once you are given a commission, you become part of the military, but they were students, they were civilians. And so, there's not, it was entirely civilian status of Mr. Padilla, and his relation with the ROTC program was in terms of, he was providing education to future military employees. So, observer law applies to Comtech, and not in the context of a federal employee, because the court, in our opinion, are in terms of giving Mr. Padilla the status of a federal employee. He has to apply, go to the Board of Appeals for federal employees. They have, I understand that they have, the court has this confusion since the beginning, because Mr. Padilla was a civilian. Even though he has the right to enroll, etc. So, the relevance of that point is that the district court, with respect to the private contract, to the private employer, it had jurisdiction over the claims brought against it. And the notion that the claims had to go before the Merit Protection Board, that only applies to federal employees. And that's the basic error, as you see it, that the district court made. Actually, this side of the case, observer law, being enacted in 1994, has gone silent to the Supreme Court. So, there's not too much about observer law in the Supreme Court decisions. But, if you take a look at the spirit of the law, and what is enacted in the Congress, and the way the Congress says, it's for providing some safeguards to military personnel when they are either mobilized, deployed, or in any type of training. They don't differentiate between different types of trainings. And they reserve that right of appealing before a board in a case that is decided by the defendant. But that's in the context of special circumstances that the government hire or subcontract employees to perform government duties, but they are under contract. But, in this particular case, the person in office issued a guidance establishing that he was not subject to the military law, he was not subject to the military system specifically. Actually, contract hired him, contracted him at the beginning. His status changed to a permanent employee, full-time employee. And he did not work in a military environment. I mean, he works in a college. There's no military involvement in that one. He worked with civilians, students. So, it's not the case of a government entity that subcontracts a corporation to hire employees to perform labor on their behalf. Did the district court – can the district court decision be read as having also addressed as perhaps an alternative ground the sufficiency of the allegations that there was a violation of ACERA, a traditional 12B6 analysis? Did the court ever undertake that? No, no, no. Actually, we explained in our film, the court, in the opinion, didn't even mention the causes of action against contact. It's silent about it. There is no mention. All that was addressed by the district court was the claims against the government. Could you explain the form selection clause and how come that's not a prohibition against the fact that, as I understand it, in 2009 the district court had ruled that this litigation was governed by a form selection clause which said that it should be handled in the Eastern District of Virginia? Why is that not binding on us now? I was the original counsel in that case. I was – I did not complete – I was not the counsel for the end of the case, but I read all the opinions. Jose Rallo preempts all state laws cited in our appeal. Jose Rallo clearly established that the form for litigating the case – not the form, what is considered the – Well, I don't see why it might preempt Virginia law, but on the form, I had thought that the district court had ruled in 2009 that the OSERA cause of action had to be heard in the Eastern District of Virginia. What they did, when the original complaint was filed, it was different causes of actions, like Puerto Rico law against discrimination or the – what we call – what is – But this employment contract contained a form selection clause, which the district court has ruled means that a dispute between you and the government about the employment is supposed to be heard – forget what law it's supposed to be heard under – it's supposed to be heard in the Eastern District of Virginia. That's right. It was between us and the contract. At the time, the government wasn't a part of it. Okay, so with respect to your complaint against contract under OSERA, which I understand why your argument is there's jurisdiction because the MSPB doesn't have to hear it. Why isn't that still controlled by the law of the case in the district court's ruling as to the employment contract saying this needs to be heard in the Eastern District of Virginia? In the employment contract – actually, it wasn't in the employment contract. It was in a separate document that he signed. That was for copyrights, actually. What is published in that document is that all products or research or anything that Mr. Padilla do for content was considered a property of content, and any dispute in that issue has to be brought before the jurisdiction of Virginia. In the defendant's brief on this case, they say that it should be a trial before the federal court in Virginia. So, if it's different from federal court of Puerto Rico, district of Puerto Rico to the state court of Virginia, that from the federal court of the district of Puerto Rico to the federal court of the district of Virginia, the way of moving the case from one federal court to another should be transferring the case, not dismissing without – Well, I understand that that might be the outcome, but I'm asking you, is there any reason why we should not transfer the case? Well, first, USERRA law should be the – It would be heard – USERRA law would apply in the Eastern District of Virginia. I'm just asking, why are we hearing this case in Puerto Rico as opposed to saying if it's going to be heard, it should be in Virginia? Is there any argument for why it should be heard here? Yes, Your Honor, because the reason of USERRA law is to protect the service members. Service members live here in Puerto Rico. The contract was signed here in Puerto Rico, his party. He signed it in Puerto Rico. He works in Puerto Rico the entire time of his tenure of eight or nine years, if I may. Was there an USERRA claim pending at the time of the 2009 ruling by the district court? It was included, but the court did not even consider the USERRA law. But its ruling that the whole case had to be heard in the Eastern District of Virginia was a ruling that encompassed a complaint that included the USERRA claim, correct? No. So, why is that not then binding here? Because now we have another complaint including a USERRA claim. Why doesn't that mean this just has to be heard in the Eastern District of Virginia under that 2009 ruling by the district court, which you didn't appeal? Yes, Your Honor. I concur with the court. I do not concur with the decision at the time, but it was an appeal. Now we have different parties, additional parties in the Eastern complaint. And they are here in similar cases. The government argued, the government as a defendant, that the case should be tried where it happened. So, it happened here. The co-defendant, even though the US government is nationwide, but the ROTC of Madagascar is here in Puerto Rico. The other co-defendants are here. So, for the convenience of the litigation, should be here. And there's two other things that I would like to address. In the defense of Contre... I'm sorry. Just a follow-up on this. Contre said in response to Judge Barron's question that by its terms, the forum selection clause only applies to copyright claims. Yes, Your Honor. So, that's your position. And that's why that decision, based on the forum selection clause, would not apply to an ACERA claim? Is that your position? Yes, Your Honor. The most important issue is... Did you raise that issue before the district court? Did you raise that issue before the district court? We did on this one. It was others on this case. It was issued on our position to motion to dismiss. And it was reported. And all the copies are in the brief. Are you satisfied with the answer? No. Let's look at the record. Thank you. Good morning, Your Honors. Good morning. May it please the Court, my name is Rebecca Ostrung, and I represent the federal defendant appellees in this case. The district court properly granted our motion to dismiss because plaintiffs' claims were fully deficient in every regard. And as such, that decision should be affirmed. The facts of this case are relatively straightforward. Mr. Padilla, as you just heard from his counsel, was an employee of ComTech Communications. He was performing duties at the ROTC battalion for Inter-American University. However, he was an employee of ComTech up until an investigation was initiated by the battalion commander in July of 2008 that concluded that Mr. Padilla had engaged in acts of misconduct and a lack of integrity. And at that point, the commander of the ROTC battalion recommended to ComTech that he be dismissed from his position. At that point, on the 13th of August of 2008, ComTech took the extra step of not only removing him from his position as battalion, but actually terminating his employment. And that is the point at which all – the very latest point at which all of Mr. Padilla's claims in this case accrued. And he thereafter failed to pursue his rights in a timely manner. Mr. Padilla raised a number of claims under various different statutes. He raised claims under the Federal Tort Claims Act, under the Constitution, and under Section 1983. And all of those claims were untimely. Mr. Padilla and his wife filed claims under the FTCA that were denied in May 2009 – I'm sorry, May 2010. His wife's claims were actually denied about two weeks after they were filed in September of 2009. And they thereafter had six months to file suit on those claims, and they failed to do so. They argued at the district court in an apparent recognition of the untimeliness of their claims that they should be entitled to equitable tolling. As this court has as recently as 2014 recognized, the First Circuit hasn't yet decided whether equitable tolling is even available in FTCA claims. But the appellees don't believe you need to wade into that thorny issue in this case, as the appellants raised no basis for equitable tolling of their claims at the district court. They claimed that their receipt of a 15-6 investigation in November of 2010 should have – the fact that they didn't receive it until November 2010 should have equitably tolled their claims. However, that investigation was initiated after Mr. Padilla's termination from ComTech and was wholly unrelated to the termination from his battalion, the point at which all of his claims accrued. So, his receipt of that investigation had no bearing on the timeliness of his claims and the district court properly recognized as such. With regard to his USERRA claims, which seems to be the only claims that appellants are interested in pursuing today, with regard to their USERRA claims, there is no basis for district court jurisdiction against the federal appellees in district court under USERRA. Under Section 4324 of USERRA, he would need to bring his claims against the federal executive agencies, in this case, the Army, to the Merit Systems Protection Board, and then there's a right to judicial review only to the federal circuit court of appeals. So, there is no basis for district court jurisdiction in this case, and the court properly granted the dismissal of those claims. With regard to Mr. Padilla's other claims, there was no private cause of action against any of the federal appellees under any of his other stated basis, such as HIPAA, the Service Member Civil Relief Act, or posse comitatus, as we demonstrated in our briefs. So, the district court properly granted the federal defendant appellee's motion to dismiss. Absent any questions from the court, I will cede the rest of my time to the attorney for ComTech. Just to be clear, the government doesn't take the position that ComTech is a federal employer within the meaning of the Silva decision? No, no, we do not. We do not. Our argument is that their claims against the federal government are that the government, the Army, qualifies as a federal executive agency and can be brought under 4324. They have wholly different remedies and rights to pursue against ComTech. Do you have any view about this form selection clause issue? I would defer to my colleague, Mr. Hestrous, to respond to any questions about the form selection clause. Thank you. Thank you, Your Honor. Mr. Hestrous, good morning. Good morning. The district court represents LTC Arrayas and ComTech Technologies in this case. Answering one of the prior questions from the court, in the original case, the first action for Judge Casillas, USERRA claims were also raised, Your Honor. So, all of the same case. Actually, when you examine both complaints, the first and the second one, they're essentially the same. Certainly stem out of the same set of repetitive facts, which is termination of Mr. Padilla. But the main difference being that there were no additional parties included as defendants, namely the U.S. government and some of the agencies. So, all of the claims, excluding the USERRA claims, were considered by the court at the time that the original motion to dismiss was filed and granted by the court. The dismissal was without prejudice. And without prejudice and with the invitation to refile in the Eastern District of Virginia, as the court knows, which defendants failed to do. Paragraph 5 of the agreement specifically says that the parties have all disputes. So, there's no exclusion or there's no indication that some of the disputes, whether copyrights or whatever, are reserved. But all of the disputes arising out of or relating to this agreement, which governs the relation between ComTech and Padilla, shall be submitted. This is mandatory to the Federal District Court of the State of Virginia and jurisdiction of the court. So, we have both forms of relation as well as choice of law. Whether the choice of law is applicable, it already was decided by Judge Casillas in the first case. He said it was a valid clause and that it was a valid, the application of the law was also valid. Plaintiffs chose not to appeal that ruling. So, we have a situation here of fame preclusion. And the case that we decided, which was the Herman B. Meiselman case, was an interesting case because it was decided by this same panel, where I believe that it's controlling in that the plaintiffs would be barred now from raising the same issues that they elected not to appeal. So, that takes care of that from our standpoint. Did you raise this exact argument to the district court? Yes, Your Honor. And the district court just decided on, just didn't address it? Well, that's a very good question, Your Honor. And we have dealt with it. And what we found was that the court did not specifically address the issue. But if you examine, the court were to examine the memorandum of order from the district court, page one and the last page. Specifically, the court indicated that we have before us the defendant, the Regis Betancourt, and the federal defendant's motions to dismiss plaintiffs. And the very last page, the court, while it did not specifically address that issue, indicated that for the reasons set forth above, the defendant's motions to dismiss plaintiffs' claims are granted. So, the court, while it did not have a specific line item indicating that these issues were addressed to, evidently knew that it had before it all of the motions to dismiss. And when granted the motions to dismiss, had to consider, obviously, all of these claims also. So, in other words, you think the district court ruled on this very issue and ruled that it had to be transferred back to Virginia? Well, again, we're speculating because, unfortunately, the district court did not specify that. What we believe happened is that the court found that the claims were so defective and the case was barred on other grounds that, therefore, it did not remand the case to the district court of Virginia for that particular reason. Just following that, is that, I forget the exact terminology of the district court ruling, but is it your understanding that the district court's ruling about the MSPB requirement under USERRA was really intended to apply only to the governmental defendants and then the granting of the motion to the motion that you're talking about would have been a ruling that, as to the private defendant, that should be shipped back to Virginia? Is that how you understand what the district court did? Your Honor, we have the same question in our minds, and we have dealt and looked for an answer, and I believe that we will be speculating. But I believe that the issue was never raised as to whether contact within this context of this litigation, where it was acting as an arm of the Army, for our purposes, because the entity that had the obligation to provide the personnel is the agency. And to this extent, contact would be acting as an extension of the government. So the issue whether, for these purposes, contact should be considered a federal agency and, therefore, barred from USERRA was not dealt with. And when you raised the claim preclusion issue below to the district court, did the plaintiff respond to your claim preclusion argument? No, Your Honor. I believe that the same thing. So effectively. And, again, I have to commit to a court. But I cannot say that for a fact. But I can attest for a fact that it was not even mentioned in a balanced brief. I don't recall exactly whether in the opposition to March 12th case that issue was raised, but certainly not to the degree it was completely blindsided. It was never even mentioned. Yes, Your Honor. I have in front of me, this is the district court's decision of September 27th, 2012. This is a fully stated decision that goes through all of the claims of the appellant and explains why none of them should survive. And he dismisses the case as dismissed with prejudice. Now, are you saying that there was another decision of the district court that addressed the forum selection clause issue? No, Your Honor. You refer to something where he says, for the reasons set forth above. Yes. He does say for the reasons set forth above, but I don't see anything in this decision about the forum selection clause. No, Your Honor. What we meant to say, I believe that what we said was that our motion to dismiss addressed that issue specifically. Okay. In the memorandum of the court dismissing the case with prejudice, at the beginning, page 143 of the addendum, the court says, before the court is the federal defendant's motion and for defendant Reyes-Lippincourt's motion to dismiss. So the court knew that it was facing both motions to dismiss. Reyes-Lippincourt, which was later joined with a contact motion, it's the same motion, addressed that particular issue. So the court knew that it was addressing both motions, and the last page of the addendum, Your Honor, page 60, in the conclusion, the court says, for the reasons set forth above, the defendants makes no distinction between one or the other motion to dismiss. It says both motions to dismiss are granted. So that's, and we're again, we're speculating because the court did not specify this. In closing, if I may, Your Honor, I would like to make a very short apology to the court. In 40 years, the first time it's happened to me. Yesterday, I'm preparing for this brief, and one of the issues that we had raised, we had three issues, was the time bar. And we've been charging all the time that the case was claimed was time barred because it was filed on April 25. It was filed on April 27. And we've searched and searched. I believe it's time barred for other reasons, but that particular statement was incorrect, and we have a national issue. That's what it was. And we stated that in the original motion to dismiss, and we repeated that in the brief. I don't know where the 27 came from. So actually, appellants have claimed that they filed on the 365th day. We found that they filed on the 364th day, the second complaint. But that's irrelevant because after all, it was more than two years from the original, the dismissal was August 13, 2008. And again, for the other reasons stated by the court in its memorandum of order, I believe the case is barred. But I wanted to make that statement and apologize to the court. Could you just relate one thing for me? Yes. With respect to the Form Selection Clause and claim preclusion, I understand your argument, how that affects you. Does that have any bearing on the federal defendants, or you have no position on that? We have – no, we have no position on that. We could set forth what my personal opinion would be, but – Go ahead. Well, I believe that, first of all, it would apply to everything. Originally, the case was filed only as to Comtech and Young Trey, who was included in the second action but not served. It was dismissed without prejudice. May we continue? Yes. The case was dismissed without prejudice with the invitation of refiling in this report. Had it been refiled in Virginia with all of the new defendants then present, then that would have been a non-issue. Now, had the court only addressed that particular issue, even with the federal defendants, what the court could have done, I guess, within the arsenal that the court had, could have transferred the case to Virginia where all these claims would have been decided and the issue of the Form Selection Clause would have become an academic issue, a mood issue. But that didn't happen. So I believe then that it doesn't affect directly the federal defendants. This court had jurisdiction, and to the extent that it exercised that jurisdiction validly and dismissed all the claims as to federal defendants with prejudice, I think the court acted correctly. Thank you. Permission to withdraw. Thank you very much. Yes. Yes. For the record, Attorney Rodriguez, the first issue that brought the government was that it was a chamber. And then concert in their motion to join the motion to dismiss from the government was also that was not filed timely. Probably that's the reason that they came with that decision that we filed on the 366 day. That's another issue now. But in the case of the government, we filed, even though it's not included in their brief, we filed the administrative claim. It's included on the brief, on the appendix. Once we received the, my client filed several requests for information from the government. The government did not provide him the information. So he was, he would not file a complaint, a lawsuit against the government, speculating about why they did it or how they did it. He had to wait until the government, under the Penalty Information Act, provided him with a copy of the report. And in the report of the government, it was actually a complaint to the Inspector General of the U.S. Army. And the Inspector General of the U.S. Army found that it was on page 123 of the appendix. That's the letter that the U.S. Army sent him with a complete report. It's redacted. But on one of the pages, they clearly established, the Inspector General of the U.S. Army, that his rights under USERVA were violated by the government employees, by the different officers that were the supervisors and the contractors. Even though it's redacted, it can be constricted from the information provided. So, here we have a person who has been rumbling by the government. The government is the only one who has the documents and provide him with the documents. And timely, after he received the documents, and that's when he can exercise his right to file a complaint. He did. He filed an administrative complaint under the FDCA requirement within the six months. It was on April. Ferdinand rejected saying that it was already a time bar, and he filed a complaint eventually. So, it was a timely file, the complaint against the U.S. government. We are facing a motion to dismiss from the government. Well-plated arguments in the complaint are there. So, even though the government, the court, allowed us a limited discovery in this case, we deposed two of the officers, and they informed that they start an investigation. We're talking about a civilian person, Mr. Padilla, working in a civilian environment, University of Puerto Rico, and then Inter-American University. And he was subject to an investigation under the AR 15-6. That's under the Uniform Code of Military Justice. That's something that is only used for military personnel on active duty. And that's it. You have a very limited amount of time. It would be helpful to me if you could summarize your argument as to why the USERRA claim against Comtex, the private employer, should survive in light of the arguments that you've heard this morning. Could you just summarize your position on that? USERRA doesn't have a time limitation. That's the only law that I found in my entire tenure as attorney that doesn't have a statute of limitation. So there's no problem with the timely of the claim. Even though the court, even by the words of my colleague, says that we were invited to file in the District Court of Virginia, well, the judgment was dismissed without prejudice. So we could refile the complaint again. We did it. Under the USERRA law, it's included on the brief copy of the transcript where they established that they did not have a policy, that the policy was wrong, about emphasizing that they can remove the soldier, the employee, if he was mobilized or under training. And basically, based on the documents that we provided, there was a clear violation of USERRA law. At this point, in the issue with CONTACT, with the document, with the information, we can't even provide a summary judgment motion in terms of CONTACT and USERRA. And the forum, an invitation to file a case in Virginia is not the rule of the land. Because in the case of USERRA law, it's clearly established. We wrote, we cited the law about place of working. And USERRA is really giving the service member the right to choose the forum to file in. Taking away all the other causes of actions, USERRA law gives the service member the right to file in the forum where they work or where they are living. So based on that, the case should not be, can be tried in Puerto Rico. Because they have jurisdiction. Thank you. If I, one final... Yes, sir. Besides that, about the USERRA, the issue of the USERRA law, the worst situation that we encounter with this decision, even though it's not clear, is that dismiss the case with prejudice. So, it would, the claims will not have any other cause of action. If the judge or the district court thought that it should be transferred, well, it should be transferred, but not dismissed with prejudice that prohibit any type of, or any other action. And like my colleagues explained, it's not clear. There's nothing in the opinion or order from the court about content. Thank you. We'll take a brief...